

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5060

Re: An aviation clause for use in industrial and group life insurance policies which reads as follows: "No payment shall be made under this policy on account of the death of any insured individual if the death of such individual is a result of travel or flight in any species of aircraft, except as a fare paying passenger of a commercial air line and flying on a regularly scheduled air route between definitely established airports." is void insofar as it purports to limit the insurer's liability after the expiration of the contestable period set out in Articles 4764a and 4764b, Vernon's Annotated Civil Statutes.

We have your letter of recent date concerning the above subject. The specific question before your department, as we understand it, may be re-stated as follows:

Should the Board of Insurance Commissioners approve the aviation clause set out in the above caption for use in industrial and group life insurance policies?

Section 5 of Article 4764b, Vernon's Annotated Civil Statutes, dealing with industrial life insurance, reads in part as follows:

"No industrial life insurance policy de-
livered or issued for delivery in the State of
Texas shall contain any provision which:

".  .  .  .

"(b) except as otherwise provided herein,
provides for any mode of settlement at maturity
of less value than the amounts insured on the
face of the policy, plus dividend additions
thereto, if any, less any indebtedness to the
insurer on the policy, and less any premium that
may, by the terms of the policy, be deducted,
and provided also that this provision shall
not prevent an additional accidental death bene-
fit being limited so as not to be payable in
event of death from certain causes of accidents."

There is a similar provision in Article 4733, Vernon's
Annotated Civil Statutes, which reads in part as follows:

"Policies shall not contain what; Provi-
sions for Benefit Less Than Full Benefit in Cer-
tain Cases Permitted. No policy of life insur-
ance shall be issued or delivered in this State,
or be issued by a life insurance company incor-
porated under the laws of this State, if it con-
tains any of the following provisions:

".  .  ..

"3.  A provision for any mode of settlement
at maturity of less value than the amounts in-
sured on the face of the policy, plus dividend
additions, if any, less any indebtedness to the
company on the policy, and less any premium that
may by the terms of the policy be deducted; pro-
vided, however, that any company may issue a
policy promising a benefit less than the full
benefit in case of the death of the insured by
his own hand while sane or insane, or by follow-
ing stated hazardous occupations, or in the
event the death of the insured should result
from aviation activities under the conditions
specified in the policy, to be approved by the

Board of Insurance Commissioners, as provided in
Chapter 3, Title 78, of the Revised Civil Stat-
utes of Texas of 1925. This provision shall not
apply to purely accident and health policies.
No foregoing provision relating to policy forms
shall apply to policies issued in lieu of, or
in exchange for, any other policies issued be-
fore July 10, 1909. (Acts 1909, 31st Leg., p.
192, Sec. 23; Acts 1941, 47th Leg., R.S., H.B.
264, § 1.)"

The quoted aviation clause attempts to except and
exclude from the coverage of the policy the risk of death from
the specified causes. It does not contemplate any liability
on the policy as such, but, in effect, provides that the death
of the insured from the causes set out will never mature the
policy. It is not a clause recognizing a liability on the
policy and reducing under specified circumstances the amount
promised to be paid. For these reasons it is not a "provision
for any mode of settlement at maturity of less value than the
amounts insured on the face of the policy" and the above
quoted statutory provisions are not applicable. Wright v.
Federal Life Insurance Company, 248 S. W. 325; American Nat-
ional Insurance Company v. Lawson, 127; S. W. (2d) 294;
Great Southern Life Insurance Company v. Akins, 105 S.W.
(2d) 902; Guardian Life Insurance Company v. Galoostian,
155 S. W. (2d) 396. The language of certain cases indicates
the contrary view. Atlanta Life Insurance Company v. Cor-
mier, 85 S. W. (2d) 1045; Cook v. Continental Casualty Com-
pany, 160 S. W. (2d) 576; Universal Life Insurance Company
v. Grant, 117 S. W. (2d) 813.

The court in the Galoostian case, supra, while dis-
cussing the opinion of the Lawson case, supra, held:

". . . It is also implicit in the opinion
that such assertion of non-liability is not pro-
hibited by said Art. 4733, subd. 3. The prohibi-
tion declared by Art. 4733, subd. 3, clearly con-
templates a liability upon a policy as such, and
the prohibited provision is one reducing the
amount promised to be paid upon conditions and
with certain exceptions. In our opinion, it can
have no application to a provision which operates
to avoid the whole promise; provided, of course,
such provision is not subject to some other pro-
hibitory statute."

The exception in subsection (b) of Section 5 of Article 4764b which seems to authorize such a clause in connection with "an additional death benefit" carries the implication that such clause comes within the statutory prohibition since, otherwise, the exception would be unnecessary. An implication, however, should not be construed so as to vary or broaden the express language of the statute.

Subsection (c) of Section 2 of Article 4764b, Vernon's Annotated Civil Statutes, relating to industrial life insurance and subsection (1) of Section 1 of Article 4764a, Vernon's Annotated Civil Statutes, relating to group life insurance, both require a policy provision stating in substance that the policy shall be incontestable not later than two years from its date. The statutes name certain exceptions to the incontestable requirement but the quoted aviation clause does not fall within such exceptions.

Are such incontestable requirements applicable to such clause? The cases construing incontestable clauses are numerous. In the State of New York (Metropolitan Life Insurance Company v. Conway, Superintendent of Insurance, 252 N.Y. 449; 169 N.E. 642) and in other states it is held that an incontestable clause is not a "mandate as to coverage" and that a life policy clause excepting and excluding from the risk assumed death from specified causes is not contrary thereto. It is reasoned that the insurer's defense under such a clause is not a contest of the policy but an effort to enforce its terms. This reasoning is used in several Texas cases. Texas Prudential Insurance Company v. Wiley, 80 S.W. (2d) 1024; Southwestern Life Insurance Company v. Houston, 121 S.W. (2d) 619.

On the other hand it has been held that a contestable clause naming certain exceptions is intended to allow none not named, and thus a clause, not authorized by the exceptions, but attempting to limit coverage and exclude risks is contrary to the incontestable requirement. Bernier v. Pacific Mutual Life Insurance Company, 173 La. 1078, 88 A.L.R. 765. For a collection of authorities see the annotations at 83 A.L.R. 394, and 88 A.L.R. 773.

The Texas cases construing and applying the very similar incontestable requirement of Article 4732, Vernon's

Annotated Civil Statutes, are helpful in determining the applicability of the above mentioned provisions to the aviation clause. The Supreme Court of Texas, in American National Insurance Company v. Tabor, 230 S. W. 397, said:

"After the expiration of the period fixed, the subdivision eliminates all defenses, except those specially mentioned."

In American National Insurance Company v. Welsh, 22 S. W. (2d) 1063, the Commission of Appeals said:

"The meaning and effect of these provisions were to prescribe two years as the maximum period of limitation, after which no defense, except nonpayment of premiums or violations of conditions relative to naval or military service during the war, should be allowed to defeat payment of a life policy.. . ."

In Atlanta Life Insurance Company v. Cormier, 85 S. W. (2d) 1045, the Commission of Appeals (opinion adopted by the Supreme Court) had for consideration a clause providing that no death benefit was payable if death resulted from a disease contracted prior to the date of the policy, and that death from such cause was not a risk assumed. On certified questions inquiring whether, in view of the incontestable requirement, the insurer could, after two years, defend on that ground, the court said:

". . . Life insurance companies issuing policies of life insurance in this state are not left free to determine what exceptions they will write into thier policies. The statutes name the permitted exceptions, and a provision adding other exceptions is void. Any other construction of the statutes would thwart the evident purpose of their enactment. If the exception attempted to be made in this case should be upheld as valid, there would be no limit to the number of exceptions that could be written into a policy of life insurance, and, by multiplying them, an insurance company could whittle down the risks it assumes until it apolicies would have but little, if any, real value. To prevent this was the purpose for which the statutes were enacted.

"The question certified is answered 'No.'"

The Cormier case has been questioned by Judge Funderburk in the Galoostian case, supra, in so far as it deals with Article 4733, but we cannot agree that it has been discredited as to its interpretation of the incontestable clause of Article 4732. As to the latter interpretation it has been followed in Washington National Insurance Company v. Clay, 86 S. W. (2d) 834, which case refused, by virtue of Section 3 of Article 4732, to allow the insurer to defend, after two years, on a clause that cannot be distinguished in principle from the clause now in question.

A life policy provision that the contract shall never become effective unless it is delivered while insured is alive and in sound health is valid. Great National Life Insurance Company v. Hulme, (Commission of Appeals Decision) 136 S. W. (2d) 602. But the insurer may not rely upon such clause as a defense after the expiration of the two-year contestable period. Reliable Life Insurance Company v. Wyatt, 154 S.W. (2d) 288; Reserve Loan Life Insurance Company v. Brown, 159 S.W. (2d) 179.

In our opinion the aviation clause violates the incontestable requirements of Articles 4764a and 4764b, Vernon's Annotated Civil Statutes, insofar as it purports to provide a defense after the expiration of the contestable periods therein set out, and such clause should not be approved by the Board for that reason.

We do not attempt to answer the broad question as to whether Articles 4732 and 4733 apply to industrial life and group life policies, but we will, in this connection, be glad to give our opinion on any definite fact situation now before your department. However, we call to your attention the following provision of Article 4764b:

"Sec. 7. Associations Excepted. This Act shall not apply to local mutual aid associations or state-wide mutual life, health, and accident companies and burial associations operating under Senate Bill No. 135, Acts of the Regular Session of the Forty-sixth Legislature, but this Act and no other shall apply to and govern the form and content of industrial life insurance policies,

Honorable O. P. Lockhart, page 7

as they are defined herein, issued by all other insurance companies."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Donald Gay

Donald Gay
Assistant

DG:db

APPROVED MAR 13, 1943

Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN